## Payne & Harrison *v.* Geo. W. Waterston.

Neither the rendition of an account, nor giving of notes, can prevent the defendant from showing errors and inquiring into the consideration of the notes in a suit against him.  If he had made pay-ment, with a full knowledge of the errors, it would have been considered voluntary, and the money could not have been recovered back under the law then in force after the expiration of one year.

The addition of usurious interest was a forfeiture of the entire interest, and the controversy must be decided by the law in force at the date of the note. (Act of 1844).

Where a certain per cent. is charged for money advanced, and conventional interest is also stipulated, the contract is tainted with usurious interest, and the principal only can be recovered.  Decision of Judge Porter in the case of *Daquin* v. *Coiron*, 3 L. R. 393, re-affirmed.

*Per curiam :* The merchant is but the agent of his principal, and he is bound to account in good faith for all sums made from contracts entered into on behalf of his principal.  The law will not permit him to make a profit out of such contracts.

APPEAL from the District Court of the Parish of Livingston, *Ratliffe*, J. · J. R. *Jones*, for plaintiffs and appellants.   A. *Hennen*, for defendant.

Merrick, C. J.   This suit is brought upon two out of three promissory notes given as the balance struck upon an account current rendered by the plaintiffs as factors and commission merchants to the defendant.  Judgment having been given in favor of the plaintiff for a part of their demand only, they appeal.  Since the judgment was rendered in this case, the defendant has departed this life, and *Ashford Addison* has been appointed the dative testamentary executor of his last will and testament.

The answer to the appeal filed by the executor waives the exception, that the

citation was served on Good Friday, and it will be unnecessary to pass upon the question raised upon the exception; for the defendant, now made a party, prays, that upon the demand in reconvention there may be judgment in his favor, and that in other respects the judgment of the District Court may be affirmed."

The defendant in his answer, and amended answer (which was filed without any bill of exceptions reserved by the plaintiffs) alleged that various items making up the accounts and the notes were usurious and illegal, and composed of compound interest, etc. The amended answer also contains a demand in reconvention.

There were two accounts rendered by plaintiffs to the defendant *Waterston*; one on the 1st day of April 1852, and the other the 29th day of March 1853, which last corresponds with the date of the notes sued on. In the account of 1852, there were charged two items for advancing; one of $55, and the other of $85, the former itself bearing interest, an interest account being stated at eight per cent. in the usual form. The balance found on the account of 1853 was $8951 63, and on this balance there were charged the same day $223 79 for advancing, being a total of $9,175 42. To this was added $1,044 71 interest for 15 months, the average time the notes had to run at eight per cent., making a total of $10,220 13 for which the two notes sued on payable in fifteen and nineteen months, and one other (since paid by Judge *Waterston*,) payable in eleven months, were given, each being for $3,406 71.

It is clear that neither the rendition of the account, nor the giving of the notes can prevent the defendant from showing errors and inquiring into the consideration of the notes in suit against him. If he had made payment with a full knowledge of the errors, it would have been considered voluntary, and the money could not be recovered back under the law then in force after the expiration of one year. *Wright* v. *Hill*, 13 An. 234; *Wright, Williams & Co.* v. *Temple, ibid*, p. 413; *Keane* v. *Brander & Semple*, 12 An. 20.

In 1853 the addition of usurious interest was a forfeiture of the entire interest, and the controversy must be decided by reference to the law in force at the date of the notes. *Crane* v. *Beatty*, 15 An. 329. In the case of *Brander Williams & Co.* v. *Lum*, it was decided that where there was no agreement to pay usurious interest the mere charge of an item of usurious interest in the account did not bring the case within the act of 1844, declaring the forfeiture of a higher rate of conventional interest than eight per cent., and that the court might allow five per cent. interest. But this authority is not applicable to the present case because it appears by the evidence that the plaintiffs took a promise from the defendant, to pay the usurious interest which was charged in two items, viz : two and a half per cent. for advancing, and eight per cent. interest per annum, making ten, and one half of one per cent. interest. The letters referred to by plaintiffs' counsel on this branch of the case, were not offered in evidence. All interest, therefore, carried into the notes sued on was forfeited *by the statute* of 1844, and it must be deducted as well as the illegal charges of 2½ per cent. for advancing. This was settled by this court so long ago as 1832, in the case of *Daquin et al.* v. *Coiron*, 3 L. R. 393. In that case it was contended that the interest and commissions were distinct things, and that the limitation fixed by law to one had no application to the other.

The Court through its organ, Judge Porter, said : " The Court had no difficulty on this question when it was raised on the argument, nor have its reflections sug-

gested any. The inquiry in all these cases is, were the advantages or remuneration stipulated for in consideration of a loan of money. and are these advantages and remuneration greater than the rate of interest allowed by law? If the answer be in the affirmative, no matter by what shift or device this object is accomplished, no matter in what mode the payment is made, or by what terms it may be designated, the contract is usurious. In the instance before us, we are left in no doubt as to the consideration on which the appellant was to pay ten per cent. interest, and two and a half per cent. commissions. The parties have declared in writing that the loan of money was the cause. Words cannot change things. Ten per cent. interest, and two and a half per cent. commission, for the advance of money one year is precisely the same thing as twelve and a half per cent. interest for the loan of money for one year."

In that case, the plaintiff was only permitted to recover the principal. Taking the written law as our guide, as it existed when the notes were given, we are compelled to allow the defendant the following credits, viz:

Interest charged as commissions for advancing            $363 00
Interest charged at eight per cent. in 1852............................184 55
Interest        "          "       1853............................330 41
Proportion of interest carried into the face of the notes sued on 29th
     March 1853...........................................789 14
                                                 $1,667 10

The defendant also claims that there should be an amendment of the judgment on account of what is called in the testimony the return premium, insurance having been effected on account of the defendant in the Sun Mutual Insurance Company of New York. The sugar or cotton factor, or commission merchant, is but the agent of his principal, and he is bound to account in good faith for all sums made from contracts entered into on behalf of his principal. The law will not permit him to make a profit out of such contracts. He has no right to charge his principal with sums which he has not paid or bound himself to pay, and where there is an expectation of a return of a portion of the sum of money paid on account of his principal, he cannot charge him with such advance of money without also allowing him a credit for whatever is refunded in any manner on account of the same. See Brander v. Lum, 12 An. 218, 219. The proof shows that nothing was returned on account of premiums, except for the year 1852; the premium of 28 per cent. declared in 1853 not having been paid. Of the premiums for insurance paid in 1852, a dividend of 21 per cent. was declared, of which 40 per cent. was paid. The premiums paid that year amounted only to $139 60. The defendant is entitled, therefore, to a credit of $11 72. No negligence is charged against the plaintiffs in not collecting the return premium of 28 per cent. allowed on the $481 50 premiums paid in 1853, and the plaintiffs cannot under the pleadings be held to account for the same. The total credit to be allowed upon the notes sued on amounts to $1,678 82, which deducted from $6813 42, the notes sued on, leaves $5134 60, for which plaintiffs are entitled to judgment without interest. This is less than was allowed by the lower court, and the judgment must be amended in favor of the defendant. The plaintiff has no well founded complaint as to the notes discounted in market. They appear to have been sold in good faith, and the proceeds credited him on account.

It is therefore ordered, adjudged and decreed by the Court, that the sum allowed by the judgment of the lower court in favor of the plaintiff be reduced

from $5714 41 to the sum of $5134 60 to be paid by said executor in the due course of administration, and that said judgment so amended be affirmed, the plaintiff paying the costs of the appeal.